UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:17 CR 183(1) |
| | : | |
| **Plaintiff,** | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| | : | |
| vs. | : | |
| | : | |
| **ROBERT STROUD,** | : | |
| | : | |
| **Defendant.** | : | |

    Now comes the United States, by and through the undersigned Assistant United States Attorney, and respectfully provides the following sentencing memorandum.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        UNITED STATES ATTORNEY

        s/ Andrew J. Hunt
        Andrew J. Hunt (0073698)
        Assistant United States Attorney
        200 West Second Street, Suite 600
        Dayton, OH 45402
        (937) 225-2910
        Fax: (937) 225-2564
        Andrew.Hunt@usdoj.gov

**MEMORANDUM**

Beginning by at least on or about September 6, 2016 and continuing through on or about June 16, 2017, Defendant Robert Stroud ("Stroud") conspired with others to possess with intent to distribute more than 15 kilograms of cocaine in southern Ohio and elsewhere. (R. 128, *Plea Agreement*, PAGEID# 864-65).  On February 4, 2019, Stroud entered a guilty plea to Count One of the Superseding Indictment, namely "Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. The statutory penalties include a minimum term of at least 10 years up to life in prison.  The parties agreed ("Agreed Sentencing Disposition") that Stroud should be sentenced to a term of imprisonment within a range between one hundred twenty (120) and one hundred fifty-six (156) months, per Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*Id.*, PAGEID# 861).

In crafting a sentence pursuant to 18 U.S.C. § 3553(a), the Court takes into account: 1) the nature and circumstances of the offense, and history and characteristics of the defendant, 2) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, 3) the need to adequately deter criminal behavior, 4) the need to protect the public from future crimes of defendant, 5) providing rehabilitative services to defendant, 6) the kinds of sentences available, 7) the kinds of sentence and sentencing range established by the Sentencing Guidelines for the offense (and any pertinent policy statements), 8) restitution needs, and 9) the need to avoid unwarranted disparities among similarly situated defendants.  The Court may place greater weight upon certain factors as opposed to others. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

The United States respectfully requests that the Court adopt the Rule 11(c)(1)(C) plea

agreement and Agreed Sentencing Disposition. Furthermore, for the reasons that follow, the United States believes that a prison sentence at the upper end of the agreed range is appropriate.

Stroud has a history of drug offenses dating back to 1994, and was convicted in 2009 of a drug-related firearm crime in United States District Court. (*Presentence Report (PSR)* ¶¶ 56-57, 60, 62, 67). Stroud was serving a term of supervised release when he committed the present offense. (*Id.*, ¶ 67). Stroud's role in the offense was aggravated,[1] because he coordinated drug deliveries with the supplier and directed Thompkins/Smith regarding the specific delivery of roughly five kilograms of cocaine outside Chicago. The advisory sentencing guideline range is largely encapsulated by the Agreed Sentencing Disposition,[2] and a prison sentence within the advisory guideline range would tend to treat Stroud like other similarly situated offenders.[3] Stroud's recidivism, his aggravated role in the offense, the inability of prior prison sentences to deter him, the safety of the public, and the offense's seriousness call for a sentence at the upper end of the Agreed Sentencing Disposition range.

---

[1] *See* R. 128, *Plea Agreement*, PageID# 861, 864; R. 99, *8/13/18 Motion to Suppress Hearing*, PageID# 683; Govt. Motion to Suppress Ex. 5, *Audio Recordings*; Govt. Motion to Suppress Exs. 6-9, *Line Sheets*.
[2] *See* PSR ¶ 106.
[3] 18 U.S.C. § 3553(a)(6) is concerned with national sentencing disparities, and the Sentencing Guidelines are "good evidence of the national standard." *United States v. Simmons*, 501 F.3d 620, 623, 627 (6th Cir. 2007).

## CONCLUSION

In summary, the United States believes a prison term at the upper end of the Agreed Sentencing Disposition range would be sufficient, but not more than necessary to address the 18 U.S.C. § 3553(a) factors.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served May 2, 2019, upon Mr. Jon Paul Rion, Esq. and Brian K. McDaniel, Esq., via CM/ECF electronic filing.

s/ Andrew J. Hunt
Andrew J. Hunt (007368)
Assistant United States Attorney